UNITED STATES COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

GIOVANNI MOSS,

    Plaintiff,

v.

TOWN OF DAVIE and RICHARD
LEMACK, in his individual capacity,

    Defendants.

_____/

## **COMPLAINT**

COMES NOW, Plaintiff, GIOVANNI MOSS ("MOSS") and sues Defendant, TOWN OF DAVIE ("TOWN"), for retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 USC s. 2000e, et seq. ("Title VII" or the "Act"), retaliation in violation of 42 USC § 1981 ("Section 1981"), and malicious prosecution, and against RICHARD LEMACK ("LEMACK") for retaliation in violation of Section 1981, and in support he alleges as follows:

## **JURISDICTION & VENUE**

1.    This is an action brought to remedy unlawful employment practices by TOWN, for retaliation in violation of Title VII and Section 1981 for which this Court has federal question jurisdiction and a common law claim for malicious prosecution for which this Court has supplemental jurisdiction, pursuant to 28 USC §§ 1331 and 1367.

2. MOSS is over the age of 18 and is a resident of this District at all relevant times.

3. TOWN is a municipality located in this District.

4. LEMACK is over the age of 18 and is a resident of this District.

5. All relevant acts, including the employment of MOSS occurred in this District.

## FACTUAL ALLEGATIONS

*Race:*

6. MOSS is African American.

7. At all relevant times, MOSS was the only African American Director-level employee at the TOWN.

8. Indeed, MOSS was the very first Black Director in the history of the TOWN.

***MOSS was the Only Black Director and the Only Director of Two Departments:***

9. At all relevant times, LEMACK was the TOWN Administrator.

10. At all relevant times, the TOWN employed MOSS in a dual role as (a) Community Development Director and (b) Director of the Community Redevelopment Agency.

11. MOSS worked for the TOWN from on or about March 2003 until March 16, 2018. During that time, MOSS worked for TOWN as its Community Development Director from October 1, 2014 to October 1, 2017.

12. MOSS was the only Director who oversaw Departments.

13. Nonetheless, the TOWN did not increase MOSS's pay despite his responsibilities overseeing two (2) different Departments.

14. MOSS complained about his failure to increase his pay to the Town Administrator, LEMACK, and the Deputy Town Administrator.

15. Thereafter, the Town Administrator, on or about October 1, 2017, demoted MOSS to become only the Community Redevelopment Agency Director who would report to the Assistant Town Administrator rather than the Deputy Town Administrator or the Administrator.

16. On or about December of 2017, MOSS notified the TOWN's Manager that he was in the final phase of interviewing with another municipality.

17. LEMACK told MOSS he was a valued employee at the TOWN and convinced him not to leave. As a result, MOSS withdrew his interest in the other positions.

***2016 Form 1 Issue:***

18. At all relevant times, MOSS was elected by his peers to become a Member of the Pension Board.

19. The Pension Board is not under the purview, oversight or control of the TOWN.

20. As part of his requirements for the Pension Board position, MOSS was required to complete the 2016 Form 1, Statement of Financial Interest ("Form 1").

3

21. The prior year, MOSS was required to complete the Form 1 for 2015 when he joined the Pension Board and completed and filed the Form 1.

22. For the Form 1 due on or by September 1, 2017, MOSS inadvertently did not file it in a timely manner.

23. As a result, he received a "Notice of Assessment of Automatic Fine" on or about February 15, 2018.

24. Having never received such a Notice of Assessment, MOSS inquired amongst the other Pension Board Members, who directed MOSS to a private attorney, Adam Levinson, Esq., who also served on the Board as to what steps he should take.

25. Mr. Levinson assisted MOSS with preparing an Appeal of the Notice of Assessment.

26. Unbeknownst to MOSS, Mr. Levinson charged the Pension Board for assisting MOSS with the Appeal of the Notice of Assessment. The attorneys' fee invoice was presented at a Pension Board Meeting, where MOSS was also present. When MOSS learned that the attorney presented an invoice for payment in connection with MOSS' Appeal of the Notice of Assessment, MOSS, on the record, stated he would pay the invoice since the services were for him. Ultimately, Mr. Levinson withdrew the invoice.

27. Thereafter, on or about March 7, 2018, the TOWN placed MOSS on administrative leave.

28. While on leave, the TOWN's Human Resources Director, assured MOSS that he would not be terminated and that he would be afforded due process and receive an opportunity to provide a full explanation of the matter.

29. Thereafter, on March 9, 2018, MOSS apologized for the misunderstanding with the Pension Board attorney and, again, raised the issue of the TOWN's failure to properly compensate him because of his race. See Exhibit "A".

30. In pertinent part, MOSS stated:

> account of the matter. I believe this decision to terminate my employment is a personal and racially motivated decision made by Mr. Richard Lemack, the Town Administrator. Over the past 5 years I've worked in an extremely hostile work environment with numerous interactions (meetings and phone conversations) with Mr. Lemack which resulted in me being the target of extreme levels of denigration and unprofessional anger. I suffered through this environment due to the fact that I was going through a highly contentious divorce and had a son in private school preparing to enter college. I could not suffer a loss of income. Due to this fear of retaliation, potential job loss and subsequent loss of income, no matters were officially reported.

***Retaliation:***

31. Upon information and belief, MOSS believes that LEMACK sought to punish him due his written opposition to discriminatory practices perpetrated by LEMACK.

32. Upon information and belief, through personal animosity towards MOSS due to the opposition of discrimination, LEMACK acted outside the scope of his discretionary authority and orchestrated a number of adverse job actions and personal attacks against MOSS.

33. Within approximately five (5) days, the TOWN Attorney, unbeknownst to MOSS interjected the TOWN and himself in MOSS's Appeal of

the Notice of Assessment and asserted that MOSS lied to the Commission on Ethics. Upon information and belief, LEMACK directed the TOWN Attorney to make the submission due to his personal vendetta against MOSS.

34. At approximately the same time, on or about March 15, 2018, the TOWN instituted a criminal complaint against MOSS, alleging that MOSS engaged in bribery. Upon information and belief, LEMACK orchestrated the criminal charge and investigation.

35. Then, on March 16, 2018, the TOWN called MOSS into the office for a meeting and fired him.

36. Immediately thereafter, the TOWN Human Resources Director told MOSS there was "someone to see him", at which time, a TOWN police officer escorted MOSS out of the building and straight into his police cruiser and interrogated MOSS about his purchase of his home.

37. This was the very first time MOSS had ever been placed in a police car and questioned by a police officer in connection with a crime he was alleged to have committed.

38. Ultimately, the bribery charge was deemed to be unfounded and was dismissed, since MOSS properly purchased his home and received not kickbacks or favoritism in the process. In sum, he was completely exonerated. Nevertheless, the humiliation and embarrassment of the experience exacted upon him at the behest of the TOWN has negatively impacted MOSS.

## **CONDITIONS PRECEDENT**

39. All conditions precedent have been satisfied or have been waived, including timely filing of a Charge of Discrimination.

## **ATTORNEYS' FEES**

40. Plaintiff has retained the undersigned counsel and has agreed to pay reasonable fees.

## **COUNT I- RETALIATION IN VIOLATION OF TITLE VII**

41. Plaintiff repeats and re-alleges his allegations made in paragraphs 1 through 40 of this Complaint.

42. MOSS's written and verbal complaints about race discrimination amounted to a statutorily protected activity.

43. Shortly after MOSS complained about the racially discriminatory comments, he suffered material adverse job actions.

44. The adverse job actions were causally related to his complaints about discriminatory comments about his race.

45. Plaintiff has suffered lost wages, compensatory damages, mental anguish and suffering as a result of the retaliation by TOWN.

46. MOSS states that Defendant's actions were in willful and malicious disregard of the Act's anti-retaliation provisions.

47. MOSS is entitled to reasonable attorneys' fees and costs in the event he prevails in this claim pursuant to 42 USC § 1988.

WHEREFORE, Plaintiff, MOSS, respectfully requests that this Court grant judgment in his favor and against Defendant, TOWN, and award compensatory damages, back pay, front pay, attorneys' fees costs and such other further relief that this Court deems just and equitable.

## COUNT II- RETALIATION UNDER SECTION 1981

48. Plaintiff repeats and re-alleges his allegations made in paragraphs 1 through 40 of this Complaint.

49. MOSS complained about racism at the TOWN.

50. MOSS's complaints amounted to a statutorily protected activity.

51. Shortly after MOSS complained about the racially discriminatory comments, he suffered material adverse job actions.

52. The adverse job actions were causally related to his complaints about racial discrimination.

53. As a result of his opposition, the TOWN terminated his employment on or about March 16, 2018, instituted criminal proceedings and an ethics complaint against MOSS.

54. Plaintiff has suffered lost wages, compensatory damages, mental anguish and suffering as a result of the retaliation by TOWN.

55. MOSS states that Defendant's actions were in willful and malicious disregard of Section 1981's anti-retaliation provisions.

56. MOSS is entitled to reasonable attorneys' fees and costs in the even he prevails in this claim pursuant to 42 USC § 1988.

WHEREFORE, Plaintiff, MOSS, respectfully requests that this Court grant judgment in his favor and against Defendant, TOWN, and award compensatory damages, back pay, front pay, attorneys' fees costs and such other further relief that this Court deems just and reasonable.

**COUNT III- RETALIATION UNDER SECTION 1981 AGAINST RICHARD LEMACK**

57. Plaintiff repeats and re-alleges his allegations made in paragraphs 1 through 40 of this Complaint.

58. MOSS complained and opposed discriminatory employment practices to LEMACK.

59. MOSS's complaints amounted to a statutorily protected activity.

60. Shortly after MOSS complained about the racially discriminatory comments, he suffered material adverse job actions at the behest or request of LEMACK, upon information and belief.

61. The adverse job actions were causally related to his complaints about racial discrimination.

62. As a result of his opposition, LEMACK, due to his personal vendetta against MOSS, terminated his employment on or about March 16, 2018, instituted criminal proceedings and an ethics complaint against MOSS.

63. Plaintiff has suffered lost wages, compensatory damages, mental anguish and suffering as a result of the retaliation by TOWN.

64. MOSS states that LEMACK's actions were in willful and malicious disregard of Section 1981's anti-retaliation provisions and constituted

9

unconstitutional conduct on the part of LEMACK, since LEMACK knew MOSS engaged in protected activity and MOSS's rights were clearly established at the time LEMACK retaliated against him in violation of Section 1981.

65. MOSS is entitled to reasonable attorneys' fees and costs in the event he prevails in this claim pursuant to 42 USC § 1988.

WHEREFORE, Plaintiff, MOSS, respectfully requests that this Court grant judgment in his favor and against Defendant, LEMACK, and award compensatory damages, back pay, front pay, attorneys' fees costs and such other further relief that this Court deems just and reasonable.

## **COUNT IV- MALICIOUS PROSECUTION AGAINST TOWN**

66. Plaintiff repeats and re-alleges his allegations made in paragraphs 1 through 40 of this Complaint.

67. The TOWN instituted or commenced a criminal proceeding against MOSS by filing complaint with its own police department alleging that MOSS committed bribery and/or business dealings for his own personal gain.

68. In connection with the commencement of the criminal proceeding, the TOWN's police department executed a Search Warrant against MOSS, which cited it was made pursuant to the following violations of Florida law: (a) Fla. Stat. § 838.016 (Unlawful compensation ore [sic] reward for official behavior; (b) Fla. Stat. § 838.022 (Official misconduct); (c) Fla. Stat. § 838.15 (Commercial bribe receiving); and (d) Fla. Stat. § 838.22 (Bid tampering).

69. In connection with the commencement of the criminal proceeding, the TOWN's police department removed MOSS from the TOWN's administrative offices and interrogated MOSS in a police cruiser about the bribery claim.

70. The TOWN instituted the criminal proceeding with malice and in retaliation for MOSS's complaints of race discrimination.

71. There was absolutely no probable cause for the TOWN to institute the criminal proceedings against MOSS.

72. The police department determined that the charges were unfounded and terminated the investigation into the TOWN's claims that MOSS committed bribery.

73. MOSS suffered damages as a result of the malicious prosecution commenced or orchestrated by the TOWN and LEMACK.

WHEREFORE, Plaintiff, MOSS, respectfully requests that this Court grant judgment in his favor and against Defendant, TOWN, and award damages, costs and such other further relief that this Court deems just and equitable.

## JURY TRIAL DEMAND

MOSS demands a jury trial on all issues so triable.

Dated this 6th day of June 2019.

                                        Respectfully submitted,

By:   */s/ Gina Cadogan*
GINA MARIE CADOGAN
Fla. Bar. 177350
Cadogan Law
300 S. Pine Island Road, Suite 107

11

Plantation, FL 33324
Tel: 954.606.5891
Facsimile: 877.464.7316
Email: gina@cadoganlaw.com
Email: kathy@cadoganlaw.com

12

EXHIBIT A

---------- Forwarded message ----------
From: **Giovanni Moss** <giovannimoss1978@gmail.com>
Date: Fri, Mar 9, 2018 at 8:03 PM
Subject: Fwd: Response to Meeting Request
To: grace_garagozzo@davie-fl.gov
Cc: judy_paul@davie-fl.gov, bryan_caletka@davie-fl.gov, susan_starkey@davie-fl.gov, caryl_hattan@davie-fl.gov, marlon_luis@davie-fl.gov, John_Rayson@davie-fl.gov, Richard_Lemack@davie-fl.gov


Grace:

I've been attempting to send the email below in response to our earlier phone conversation and your email meeting request since 1:16pm today on March 9, 2018.

My personal yahoo account was unable to deliver this email message after several attempts, so I'm resending it through this email account. Please see my response below.

Please confirm receipt of my email and I will be in touch on Monday morning as we discussed.

Have a great weekend.

Gio

---------- Forwarded message ----------
From: **Giovanni Moss** <giovanni_moss@yahoo.com>
Date: Fri, Mar 9, 2018 at 7:37 PM
Subject: Response to Meeting Request
To: "giovannimoss1978@gmail.com" <giovannimoss1978@gmail.com>


----- Forwarded Message -----
From: Giovanni Moss <giovanni_moss@yahoo.com>
To: Grace Garagozzo <Grace_Garagozzo@davie-fl.gov>
Cc: bryan_caletka@davie-fl.gov <bryan_caletka@davie-fl.gov>; judy_paul@davie-fl.gov <judy_paul@davie-fl.gov>; susan_starkey@davie-fl.gov <susan_starkey@davie-fl.gov>; caryl_hattan@davie-fl.gov <caryl_hattan@davie-fl.gov>; Marlon_Luis@davie-fl.gov <Marlon_Luis@davie-fl.gov>; john_Rayson@davie-fl.gov <john_Rayson@davie-fl.gov>; Richard_Lemack@davie-fl.gov <Richard_Lemack@davie-fl.gov>
**Sent:** Friday, March 09, 2018 01:16:12 PM
**Subject:** Re: Meeting

Grace:

This email is to confirm receipt of your meeting request. When we spoke earlier, you mentioned that the outcome of my future employment with the Town "does not look good" and I should probably make a decision prior to attending this meeting. That comment has made me extremely concerned and has prompted me to think that a decision related to this matter has been already been made and that my options will be to resign from the Town or my employment will be terminated; and the Town

has no plans on giving me an opportunity for the appropriate due process. Your request for me to bring my ID and Town keys is an additional confirmation of my concerns.

It has become very apparent that this decision is not solely based on this pending matter which I was never fully advised on regarding the subject of the investigation or given an opportunity to detail my account of the matter. I believe this decision to terminate my employment is a personal and racially motivated decision made by Mr. Richard Lemack, the Town Administrator. Over the past 5 years I've worked in an extremely hostile work environment with numerous interactions (meetings and phone conversations) with Mr. Lemack which resulted in me being the target of extreme levels of denigration and unprofessional anger. I suffered through this environment due to the fact that I was going through a highly contentious divorce and had a son in private school preparing to enter college. I could not suffer a loss of income. Due to this fear of retaliation, potential job loss and subsequent loss of income, no matters were officially reported.

In addition to these personal attacks, since my promotion to the Community Development Director, Mr. Lemack has denied numerous requests and withheld standard change of classification compensation following title changes and increased work responsibilities that were afforded to other Town employees. Then, after 3 years of well documented ongoing accomplishments with the Office of Community Development (Housing and Community Development & CRA) communicated in ongoing memorandums to Mr. Lemack, I was recently demoted to only overseeing the CRA, following no complaints regarding my work load. I was then advised that I would be reporting to the Assistant Town Administrator instead of the Deputy Town Administrator. I believe this was another attempt not to provide just compensation.

I've made my personal attacks, extreme levels of work hostility, denigration, and ongoing micro-management work obstruction, known to many current and past Town employees, which include all my direct supervisors who have been first hand witnesses or have knowledge on many hostile and unprofessional, interactions.

Furthermore, as a courtesy, I advised Mr. Lemack in December that I was in the final stages of seeking options for outside employment opportunities in case he was notified. I then advised Mr. Lemack that a major reason for my decision to seek outside employment was based on my recent demotion, the compensation I was not fairly provided, and our professional relationship. Mr. Lemack requested that I reconsider my employment with the Town and he would make any title and compensation adjustments to assist with my decision to remain a Town employee. As a result, I advised Mr. Lemack that I would not consider any outside opportunities based on his word and sacrificed those employment opportunities. Mr. Lemack and I had multiple follow-up meetings to discuss me remaining with the Town. These meetings resulted in no change in title or compensation. It is my opinion that Mr. Lemack wanted to avoid the embarrassment of my resignation and now he has an unwarranted opportunity to terminate me on his terms. I feel this is a clear obstruction of me seeking employment to remove myself from a hostile work environment and advance my professional career.

Now four months later I face termination after 15 years of service for not submitting a form that I take full responsibility for the pending fine or any associated legal costs which was formally recorded during a recent Pension Board meeting. The formal appeal documentation was submitted to the Board of Ethics last week. I have done nothing unethical, illegal and I have not violated any Town policies.

Based on the information listed above and your direction to make a decision regarding my employment without the appropriate due process I respectful request that this meeting be rescheduled so I can retain legal representation.

I also respectfully request that my status of Administrative leave remain until I have an opportunity for the appropriate due process and a full investigation be done based on items I have brought to your attention.

I've served the Town proudly for 15 years and was honored to be the Town's first black department head, first black person to oversee multiple departments, and first black CRA Director with exemplary record of service, no disciplinary actions, and excellent track of performance evaluations.

My employment record and 15 years of service speaks to my character.

I request a fair opportunity to continue to serve the community I love.

Sincerely

Giovanni Moss

On Friday, March 09, 2018 11:18:49 AM, Grace Garagozzo <Grace_Garagozzo@davie-fl.gov> wrote:

Hello Giovanni,

As a follow up to our telephone conversation, please be available to meet with Mr. Lemack this afternoon at 12:00 PM in the Pioneer Room. This will be your opportunity before a decision is made regarding your employment status, to explain the circumstances of your failure to timely file your 2016 FORM 1 Statement of Financial Disclosure and your related behavior associated with the appeal of the fine issued by the Florida Commission on Ethics.

In preparation for this meeting, please bring your keys and Town ID.

Please confirm your appointment.

Thank you.

Warm Regards,

Grace Garagozzo
Human Resources Director
6591 Orange Drive
Davie, Florida 33314
Telephone: (954) 797-1094
Facsimile: (954) 797-1079

Strategic Priorities
* Commitment to Customer Satisfaction
*Dedication to Excellence in Service Delivery
*Respecting and Promoting Diverse and Sustainable Community and Neighborhood Values with consideration of our historic roots
*Creating an Environment that is Conducive to Innovation, Creativity, and Collaboration
*Nurturing the health, safety, and welfare of the community



The Town of Davie is a public entity subject to Chapter 119 of the Florida Statutes concerning public records. E-mail messages are covered under such laws and thus subject to disclosure.